**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MELVIN NEAL, JR.**                                                                                           **PLAINTIFF**

**v.**                                                                           **CAUSE NO. 3:18-cv-590-CWR-FKB**

**HINDS COUNTY, MISSISSIPPI, SHERIFF
VICTOR P. MASON, IN HIS OFFICIAL
CAPACITY, LIEUTENANT ANTHONY SIMON,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
SERGEANT JAMIE GASTON, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY, and SERGEANT
JOHN SCOTT, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY**                                                                                          **DEFENDANTS**

**AMENDED COMPLAINT**
(Jury Trial Demanded)

COMES NOW Melvin Neal, Jr. (hereinafter "Plaintiff"), by counsel, and files this, his *Complaint* against Defendants Hinds County, Mississippi, Sheriff Victor P. Mason, In His Official Capacity, Lieutenant Anthony Simon, In His Individual and Official Capacity, Sergeant Jamie Caston, In His Individual and Official Capacity, and Sergeant John Scott, In His Individual and Official Capacity (hereinafter "Defendant Hinds Co.," "Defendant Sheriff Mason," "Defendant Lt. Simon," "Defendant Sgt. Caston," "Defendant Sgt. Scott," or collectively "Defendants"), and would allege the following:

**PARTIES**

1. Plaintiff is an adult resident citizen of the State of Mississippi, residing at 170 Timberlawn Road, Apt. A-5, Jackson, MS 39212.

2. Defendant Hinds Co. is a state entity which can be served with process by service on the Hinds County Chancery Clerk, Eddie Jean Carr, located at 316 S. President Street, Jackson, MS 39201.

3. Defendant Sheriff Mason employed with Hinds County, is an adult resident citizen of Mississippi, and he may be served with process at 407 E Pascagoula Street, Jackson, MS 39201.

4. Defendant Lt. Simon, employed with Hinds County (Raymond Detention Center), is an adult resident citizen of Mississippi, and he may be served with process at 1450 County Farm Road, Raymond, MS 39154.

5. Defendant Sgt. Caston, employed with Hinds County (Raymond Detention Center), is an adult resident citizen of Mississippi, and he may be served with process at 1450 County Farm Road, Raymond, MS 39154.

6. Defendant Sgt. Scott, employed with Hinds County (Raymond Detention Center), is an adult resident citizen of Mississippi, and he may be served with process at 1450 County Farm Road, Raymond, MS 39154.

## JURISDICTION and VENUE

7. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1341(a)(3) and 42 U.S.C. §1983 and includes any and all state law claims plead herein below for which jurisdiction and venue attach thereto.

8. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## UNDERLYING FACTS

9. At all relevant times, the actions involved in this case are the result of official policy of Defendant Hinds Co., either of the County's implemented policy, or the County's gross negligence in failing to supervise their employees through its designee Defendant Sheriff

Mason, or the sheriff's gross negligence in the operation of the Raymond Detention Center.

10. This is a claim for negligence filed by Plaintiff as a result of the injuries he received while in the custody of Defendants Hinds Co., Sheriff Mason, Lt. Simon, Sgt. Caston, and Sgt. Scott. Defendants breached their duty to monitor, care for, and to provide necessary medical attention to Plaintiff. These actions established an intentional indifference for Plaintiff's physical welfare violating his constitutional rights under the 4th, 8th, and/or 14th amendments.

11. On or about December 28th, 2017, Plaintiff was being transported to the County Farm by Defendants Lt. Simon, Sgt. Caston, and Sgt. Scott. At all times relevant herein, Plaintiff was in handcuffs. In route to the County Farm, Plaintiff was brutally attacked by Defendants Lt. Simon, Sgt. Caston, and Sgt. Scott, sustaining two black eyes (one was swollen shut), a fractured skull, a bruised rib, and a host of other injuries from being kicked by Lt. Simon, Sgt. Caston, and Sgt. Scott.

12. Thereafter, Plaintiff was denied medical treatment and put into isolation until the following day when MDOC took him into its custody.

13. At all times herein, Defendant Sheriff Mason was the commanding officer throughout the entire incident and responsible for the actions and/or omissions of the aforementioned detention officers.

14. Defendants negligently failed to use a reasonably established standard of care by failing to adequately observe, record, screen, diagnose and deal with Mr. Neal's apparent health condition. Defendants' failure of reasonable care owed to Mr. Neal was a direct and proximate cause of his severe injuries.

15. Plaintiff's significant injuries could have been avoided if Defendants would have acquired the adequate training on how to transport detainees, provide proper assistance and care, as a result, of the Defendants' negligence Plaintiff incurred fractured skull, bruised rib, two black eyes, etc.

16. Due to the Defendants' apparent position/status, lack of concern and care, failure to screen and observe per their department's policies and procedures, Defendants failed to acknowledge and address Plaintiff's need for medical assistance.

17. As a result of the above described negligent conduct, Defendants' behavior amounted to "deliberate and reckless indifference" to the medical needs required by Mr. Neal.

18. As a result of the Defendants' negligent actions, Plaintiff sustained injuries.

## COUNT ONE
## INJUNCTION PROHIBITING FUTURE CONDUCT
## OF A SIMILAR CHARACTER, KIND OR NATURE

19. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

20. Plaintiff is entitled to, and hereby requests, an injunction prohibiting the Defendants from committing conduct of the like, kind, character, or nature as that demonstrated and described in this complaint at any time in the future within the jurisdiction of this Court.

## COUNT TWO
## NEGLIGENT, GROSSLY NEGLIGNET, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE THE OFFICERS INVOLVED

21. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

22. Defendants Hinds County and Sheriff Mason were grossly negligent and/or wanton in failing to monitor the actions of the Defendants Lt. Simon, Sgt. Caston, and Sgt. Scott.

They further negligently and/or wantonly failed to train the aforementioned Defendants to properly question or interrogate the Plaintiff and other similarly situated individuals. All Defendants negligently and/or wantonly failed to properly follow and/or apply their own facility's regulations, policies, and procedures, as well as state law generally. Defendants Hinds County and Sheriff Mason failed to properly train and supervise the actions of Defendants Lt. Simon, Sgt. Caston, and Sgt. Scott.

23. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT THREE
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

25. Plaintiff alleges that the Defendants intentionally, negligently, and with reckless disregard inflicted extreme emotional distress upon their minds, spirits, and bodies. By condoning and/or ratifying the acts of the detention officers involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

26. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, and to disregard the Plaintiff's rights to the detriment of the Plaintiff.

27. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial herein.

## COUNT FOUR

## CIVIL ASSAULT AND BATTERY

28. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

29. Defendants are liable for civil assault and battery. Plaintiff alleges that Defendants Lt. Simon, Sgt. Caston, and Sgt. Scott intentionally, with reckless disregard and/or negligently inflicted extreme emotional distress upon his mind, spirit, and body by forcefully beating and kicking Plaintiff (causing a fractured skull, bruised rib, and two black eyes) for several minutes. Defendants caused the Plaintiff to suffer from emotional problems and mental anxiety as well as bodily pain and suffering.

30. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

31. As a direct and proximate result of aforementioned Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT FIVE
## VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAW UNDER 42 U.S.C. Section 1983 AND U.S.C. Section 1343 et al.

32. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

33. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights, equal protection rights, and conditions of confinement under the 4th, 8th, and/or 14th Amendments.

34. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT SIX
## EXCESSIVE FORCE

35. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

36. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

37. All Defendants are jointly and severally liable to the Plaintiff for the following damages: two black eyes, a fractured skull, a bruised rib, past, present and future pain, suffering and mental and emotional anguish; and all other damages to be proved at trial.

38. Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein n an amount to be determined by this Court.

39. The acts of the Defendants enumerated herein were so grossly negligently and reckless; utterly offensive; and were committed with such reckless disregard for the rights of the Plaintiff and others similarly situated, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

## COUNT SEVEN
## DELAY / DENIAL OF ACCESS TO MEDICAL CARE

40. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

41. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's medical condition, took actions to deprive Plaintiff of his rights to medical care despite repeated requests by Plaintiff for same.

42. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT EIGHT
## RECKLESS ENDANGERMENT

43. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

44. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's health condition, took actions that placed Plaintiff's life in danger due to the fractured skull injury.

## COUNT NINE
## RECKLESS DISREGARD

45. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

46. Plaintiff would show unto the Court the Defendants took actions that had reckless disregard for the safety and well-being of Plaintiff.

## PRAYER FOR APPROPRIATE RELIEF

47. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

48. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

49. All Defendants are jointly and severally liable to the Plaintiff for the damages: two black eyes, a fractured skull, and other injuries to the body as a whole, past, present and future pain, suffering and mental and emotional anguish, and all other damages to be proved at trial.

50. Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein an amount to be determined by this Court.

51. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed which such utter disregard for the rights of the Plaintiff and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi law, pre-judgment interest, post-judgment interest, attorney's fees, *Veasley* type damages, and all costs of this proceeding with such final amount being at least $500,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the

Mississippi Tort Claims Act plus any recovery to be determined by a jury under any applicable state or federal law and guidelines.

Respectfully submitted, this the 15th day of February, 2019.

                        **MELVIN NEAL, JR., Plaintiff**


**By:**   */s/ Carlos E. Moore*
         Carlos E. Moore, MSB# 100685
         Michael S. Carr, MSB# 102138

OF COUNSEL:

**TUCKER|MOORE GROUP, LLP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com

**CARR LAW FIRM**
P. O. Box 1749
301 W. Sunflower Rd. Suite D
Cleveland, MS 38732
662-441-1LAW – phone
662-441-1530 – fax
Email: mcarr@carrlawpllc.com

## CERTIFICATE OF SERVICE

  I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U. S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

  William R. Allen, Esq.
wallen@aabalegal.com
Brennan P. Breeland, Esq.
bbreeland@aabalegal.com
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
*Attorneys for Defendants*

THIS, the 15th day of February, 2019.

                */s/ Carlos E. Moore*
               CARLOS E. MOORE, ESQ.