# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**MELVIN NEAL, JR.**                                                        **PLAINTIFF**

**V.**                                **CAUSE NO. 3:18-CV-590-CWR-FKB**

**HINDS COUNTY, MISSISSIPPI; SHERIFF**                         **DEFENDANTS**
**LEE D. VANCE,** *in his official capacity*;
**LIEUTENANT ANTHONY SIMON,** *in his*
*official and individual capacities*;
**SERGEANT JAMIE CASTON,** *in his*
*official and individual capacities*; &
**SERGEANT JOHN SCOTT,** *in his official*
*and individual capacities*

## ORDER

Before the Court is the individual defendants' motion for judgment on the pleadings.[1] Docket No. 34. The matter is fully briefed and ready for adjudication. On review, the motion will be granted in part and denied in part.

Neal's amended complaint specifically alleges that the movants "brutally attacked" him while he was handcuffed, causing "two black eyes (one was swollen shut), a fractured skull, a bruised rib, and a host of other injuries from being kicked." This states a claim for excessive force in violation of the Constitution and warrants denial of qualified immunity at this juncture. *See Newman v. Guedry*, 703 F.3d 757, 764 (5th Cir. 2012); *Carroll v. Ellington*, 800 F.3d 154, 177 (5th Cir. 2015); *Ramirez v. Martinez*, 716 F.3d 369, 378 (5th Cir. 2013). Although it is unclear whether Neal was a pretrial detainee or a convicted felon,[2] that ambiguous fact, with its attendant legal consequences, is not a reason to preclude the case from proceeding into discovery. The Court would add that these defendants may be entitled to qualified immunity at

---

[1] The Court has recaptioned this case to acknowledge Sheriff Vance's election. *See* Fed. R. Civ. P. 25(d).
[2] Neal's allegation that he was turned over to MDOC custody the day after the beating may suggest that he was a convicted felon.

the summary judgment stage, but we cannot reach that question yet, since "whether the force used was 'clearly excessive' and 'clearly unreasonable' depends on 'the facts and circumstances of each particular case.'" *Newman*, 703 F.3d at 761 (citation omitted).

The movants' argument regarding the denial of medical treatment claim meets a similar fate. The injuries alleged in Neal's amended complaint so obviously require medical attention that they state a claim for a constitutional violation sufficient to overcome qualified immunity at this early stage. *See Easter v. Powell*, 467 F.3d 459, 463–64 (5th Cir. 2006); *Hinojosa v. Livingston*, 807 F.3d 657, 667 (5th Cir. 2015). The movants may reurge their immunity defense on this claim at the close of discovery.

That said, the undersigned agrees with the movants that Neal's amended complaint is devoid of allegations supporting a claim for an Equal Protection or procedural Due Process violation against them. *See Young v. Green*, No. H-11-1592, 2013 WL 775388, at *14 (S.D. Tex. Feb. 28, 2013) (discussing requirements of Equal Protection claim). These claims are dismissed.

The motion is therefore granted in part and denied in part. Within 10 days, the parties shall contact the chambers of the Magistrate Judge to schedule a Case Management Conference.

**SO ORDERED**, this the 28th day of February, 2020.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE